## NEUMANN v. FAULTLESS CLOTHING CO., Inc.

District Court, S. D. New York.
May 4, 1939.

Levien, Singer & Neuburger, of New York City (J. Lincoln Morris, of New York City, of counsel), for plaintiff.

Shaine & Weinrib, of New York City (Kalman I. Nulman, of New York City, of counsel), for defendant.

CONGER, District Judge.

This is an application to dismiss the complaint on the ground that the same does not state facts sufficient to constitute a cause of action.

The plaintiff contends that this application cannot be made at this time because previously in this Court the defendant made another application to dismiss the complaint because there was another action pending, which application was denied by Judge Hulbert, and an order denying the said motion entered on April 18, 1939. The plaintiff's contention is that pursuant to Rule 12(g) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, both of these applications should be made at once and not separately.

It is not necessary for me to pass upon this contention at this time because I am satisfied that the complaint does state a cause of action.

Rule 8(e) of the Federal Rules of Civil Procedure provides as follows: "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Rule 8(f) reads: "Construction of Pleadings. All pleadings shall be so construed as to do substantial justice."

I think, applying these rules and applying the theory upon which these Rules are based, ie., liberality in construction, there is no question that this complaint states a cause of action. It states a simple action based upon an employment contract entered into between plaintiff and defendant. It states specifically the date of the contract, the terms thereof, and the amount of compensation to be paid to the plaintiff. It also states that the plaintiff performed the services to be rendered under the contract (Paragraph "Third" of the Complaint). It further states that there is money due under such contract which the complaint asserts is $7,500. Judgment is demanded for this amount.

In the memorandum submitted in support of the motion to dismiss, the defendant's main contention is that the motion is predicated "specifically upon the failure of the plaintiff to allege that he made sales, or otherwise show that commissions were earned."

I think this is covered by Paragraph "Third" of the complaint. The defendant may have other remedies under the Rules, for the purpose of supplying what-

ever lack of information he claims the complaint fails to give him, but it is not the remedy herein asked for. I think that the complaint states a cause of action.

Motion denied. Settle order on notice.