Donald F. SUMP, Appellant (Plaintiff below),

v.

CITY OF SHERIDAN, Wyoming, a Municipal Corporation, Appellee (Defendant below).

No. 2963.

Supreme Court of Wyoming.

Jan. 17, 1961.

Rehearing Denied Feb. 21, 1961.

See 359 P.2d 1008.

Lonabaugh & Lonabaugh, E. E. Lonabaugh, Sheridan, for appellant.

Bruce P. Badley, City Atty. and R. G. Diefenderfer, Sheridan, for appellee.

Before BLUME, C. J., and PARKER and HARNSBERGER, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

Plaintiff's complaint alleged he was a citizen, resident, property owner and taxpayer of the City of Sheridan, Wyoming; that defendant was "expending, and * * * will continue to expend, money, unlawfully for the acquisition of easements, employment of persons to obtain easements and the survey of lands in the City of Sheridan, and adjacent thereto, for the purported purpose of controlling floods" and "unless said defendant is enjoined from

committing such acts, \* \* \* this petitioner will sustain an irreperable (sic) injury and damages, both financially and to his property"; that he "has no adequate remedy at law" and prayed defendant be enjoined from so spending money.

Defendant filed a motion to dismiss under the provisions of Rule 12(b) (6) of the Wyoming Rules of Civil Procedure, which in applicable part is as follows:

"Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: \* \* \* (6) failure to state a claim upon which relief can be granted \* \* \*."

Plaintiff moved to strike defendant's motion. Although this motion was not ruled upon at the time, the judgment of dismissal found that it should be denied.

No other pleading, deposition, admission or affidavit was filed with defendant's motion to dismiss, but, some ten days after the motion was made, defendant filed an affidavit of the president of its Town Council, to which were appended certain resolutions, other data, and city ordinances. Seventeen days after defendant's motion was filed, the plaintiff filed two affidavits, one his own and the other that of a lady, and the defendant filed a further affidavit. On the day of these last filings, a hearing was had, following which the court entered judgment dismissing the complaint. The salient portions of that judgment are as follows:

"\* \* \* and the Court considering the Motion to Dismiss filed by the City of Sheridan as a Motion for Summary Judgment and the Court having considered all of the Affidavits and related matters filed in addition to the pleadings and having heard the arguments of Counsel with respect to the law thereto and being fully informed in the premises finds:

"1.

"That the Plaintiff's Motion to strike Defendant's Motion to Dismiss and for Special Findings should be overruled.

"2.

"That the City is lawfully and legally at this time from the evidence presented at this hearing expending and will continue to expend money for the acquisition of easements, employment of persons, and survey of lands in the City of Sheridan as directed by the duly authorized and elected City Council of the City of Sheridan for flood control purposes.

"3.

"That the City Council of the City of Sheridan has authority to spend City funds for flood control purposes on Big Goose Creek and Little Goose Creek.

"4.

"That the Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted should be sustained.

"It Is Therefore Hereby Ordered, Adjudged And Decreed by the Court that *Plaintiff's Complaint* be and the same is hereby *dismissed*." (Emphasis supplied.)

From this judgment dismissing the complaint, plaintiff appeals, claiming:

"1. The trial court erred in considering the [defendant's] motion to dismiss as a motion for summary judgment without giving the appellant an opportunity to submit affidavits and extraneous proofs as required by Rule 12(b) and Rule 56(c) of the Wyoming Rules of Civil Procedure.

"2. The affidavits filed on behalf of the appellee indicate illegal expenditures by the City, are self-contradictory, and not in accord with Rule 56 (e) in that they fail to set forth such facts as would be admissible in evidence.

"3. The complaint states a claim upon which relief can be granted and the appellee's motion to dismiss should have been overruled.

"4. The affidavits of Donald F. Sump and Madge I. Brown raise a question of fact which is controverted in the affidavits filed on behalf of the appellee, and the granting of summary judgment was, therefore, improper.

"5. If the appellate court becomes convinced that the appellant, although acting in good faith, has failed to raise at the trial court level a genuine factual issue, it should make such disposition of the appeal as will permit him to do so.

"6. The broad findings of the trial court are unwarranted conclusions exceeding the scope of the inquiry and are unsupported by competent and uncontroverted evidence.

"7. Summary judgment is seldom appropriate in cases of this nature, involving a public issue.

"8. The expenditures of the City appear to be in violation of the Constitution of the State of Wyoming."

Applicable portions of the Wyoming Rules of Civil Procedure claimed by appellant to have been violated are as follows:

Rule 12(b).

" * * * If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

Rule 56(c).

"The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"

Rule 56(e).

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

■ By filing its motion to dismiss the defendant admitted, for the purposes of the motion, that it was expending money to acquire easements and to make surveys for the purpose of controlling floods, but defendant did not admit that in so doing it was acting in an unlawful manner.

■ Although defendant's motion to dismiss raised only the question of the sufficiency of the complaint, the filing of affidavits by the respective parties poses the additional question of whether those affidavits injected new matter into the action or raised a genuine issue of fact. We have closely examined these affidavits and find that while defendant's affidavits, to which were appended certain City ordinances

and other data, set forth the reasons which impelled the City Council to undertake the flood control program, neither the affidavits, ordinances or other data brought in any new or different matter than that alleged in the complaint. The president's first affidavit merely asserted the City Council authorized the survey of lands, acquisition of easements and employment of persons in connection with the flood control project, and directed the mayor to effectuate such authority. It also recited that funds for the purposes authorized were appropriated from the City's general fund, that the legality of acquisition of similar easement had been adjudicated in May of 1950, and the City Council had thoroughly investigated the need for its flood control project. The ordinances attached to the affidavit only confirmed these recitations and a memorandum also attached to the affidavit simply recited the history of reports concerning need for flood control and the consideration given to matter affecting and affected by the flood control program.

The president's second affidavit recited the City Council's adoption of a further resolution authorizing its attorney to proceed with eminent domain proceedings for acquisition of right of way for its flood control program and had attached to it that resolution.

Furthermore, neither the plaintiff's own affidavit, which merely said that during his thirteen years' residence he had never seen a flood on Goose Creek and he had not been damaged, nor the lady's affidavit, saying her home had not been damaged by flood, raised any genuine issue of fact. None of these four affidavits presented matters outside the complaint that charged the City money was being unlawfully spent to control floods. Hence, that portion of Rule 12(b) which relates to changing a motion to dismiss to one for summary judgment, and Rules 56(c) and 56(e) of our Rules of Civil Procedure did not apply, and defendant's motion to dismiss was not converted into a motion for summary judgment. This conclusion leaves for consideration the bare question as to the authority of the defendant to lawfully spend City money for flood control.

It was the sole responsibility and duty of the City government to decide what was necessary and advisable for the City's protection. It matters not that there are those in the community, even though they be a huge majority, who honestly believe the danger from flood was not real or sufficiently imminent to warrant the project the Council had in mind or in contemplation. The decision to be made was the exclusive province of the Council, and the limit of plaintiff's right was to persuade the Council its program was unwise or unnecessary, or, in the last analysis, to gain his point at the polls.

Thus, the true question presented by the motion to dismiss was not whether there had been a flood, but whether it was lawful for defendant to protect against flood, when in the judgment of the City Council there was need for that protection. The wisdom of defendant's decision was not on trial. Only the Council's authority to make the decision was placed in issue by the motion to dismiss. The affidavits filed did not change or enlarge that issue. If anything, the plaintiff's affidavits merely sought to challenge the soundness of the defendant's judgment in the matter.

An examination of Wyoming Statutes, 1957, informs us that § 15–23 expressly authorized defendant to "purchase and hold real and personal property" and to "do all other acts in relation to the property and concerns of the city, necessary to the exercise of its corporate powers." Section 15–95 gives defendant the right of eminent domain, and § 15–160, second paragraph, authorizes the City to purchase property or receive it by donation or otherwise and paragraph twenty-eight gives power to appropriate money and provide for payment of debts and expenses of the town. Section 15–117 gives defendant the power of "establishing a system of drainage; [and] to provide such systems." Section 15–118 says the City "shall have power to establish, alter and change the

channels of streams and water courses within the city, and wall, bridge and cover them" and § 15–530, fifth paragraph, says defendant may "establish, construct, purchase, extend, maintain and regulate a system of sewerage." By § 15–284 the City Council is expressly given power to "make any provision or regulation which it may deem necessary for the health, safety or welfare of the city." Section 15–269 places the entire legislative authority of the City in the hands of the City Council.

Little doubt of the intendment of these statutes is left us since the decision of this court in Anselmi v. City of Rock Springs, 53 Wyo. 223, 227, 233–234, 80 P.2d 419, 420, 422, 116 A.L.R. 1250. In that case, the validity of a bond issue to finance " ' * * * making improvements in "Storm Ditch" and channel of "Bitter Creek" to prevent flood damage and for the purpose of making improvements to dispose of flood waters within the City of Rock Springs' " was at issue on the question of whether the constitutional limitation of an additional 4 per centum on the assessed valuation applied. In consequence, the court considered the meaning and coverage of the word "sewerage." In doing this, the court cited the several sections of our statutes in which the terms "sewers" and "drains" were used and said:

" * * * The term 'storm sewer' is not and never has been used in the constitution or statutes of this state. The term 'drain'—probably synonymous, as above stated, with 'storm sewer'—did not appear in any of the statutes of this state until 1909. In Chapter 51, Section 1, S.L.1909 [§ 15–88, W.S.1957], relating to cities of the first class, the statute speaks of drains *or* sewers, apparently considering these terms as synonymous. In Section 29 of the same act [§ 15–117, W.S.1957], however, reference is made to the repair and use of sewers *and* drains. Chapter 120 of the Session Laws of 1915 [§ 15–444, W.S.1957] provided that the term 'drains' or 'drainage'

should not include sanitary sewers. But we should primarily examine the statutes existing at the time of the adoption of the constitution. We have done so. The various special charters of cities and towns of this state, and the statutes relating to cities and towns incorporated under the general laws of this state, all provided that these cities and towns should have power to construct 'sewers'. The term 'drain' (or 'storm sewer') does not appear therein. This seems to indicate that at that time the term 'sewer' included a storm sewer as well as a sanitary sewer. And bearing in mind that storm sewers may subserve the purposes of health as well as sanitary sewers, we think that under the foregoing authorities we are constrained to hold that they were included within the constitutional and statutory provisions above mentioned, and that the general bonds of the city may be issued therefor, as is proposed to be done in the instant case."

It seems clear that this court then felt the words used in the bond proposal "Storm Ditch" included a "storm sewer" and that where statutory authority to construct a sewer was given, there was included authority to construct a storm ditch or storm sewer for the purpose of preventing flood damage and to dispose of flood waters within the city as a health measure.

We might also add that since the Anselmi decision, the legislature has fortified this court's interpretation of the coverage of the statutory words used by saying in Laws 1957, ch. 112, § 1, § 15–444, W.S.1957:

"B. Drains and drainage.—The term 'drains' and 'drainage' shall be deemed to include surface sewers, drains, cross street valley gutters *and all kinds of drainage other than sanitary or conventional curbs and gutters.*" (Emphasis supplied.)

█ We have kept in mind that our Rules of Civil Procedure dispense with technical forms of pleading, Rule 8(e), and declare that all pleadings shall be so con-

strued as to do substantial justice, Rule 8(f). We also are aware that this latter rule is generally interpreted to mean pleadings are to be construed liberally.

In 1A Barron and Holtzoff, Wright, Federal Practice and Procedure, Rules Ed., § 255, p. 56, it is said:

"* * * a complaint is not subject to dismissal unless it appears to a certainty that no relief can be granted under any set of facts which can be proved in support of its allegations. [Citing Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988; Neumann v. Faultless Clothing Co., D.C.N.Y., 27 F.Supp. 810; Gay v. E. H. Moore, Inc., D.C. Okl., 26 F.Supp. 749]"

This broad statement is possibly somewhat qualified by the court in New Home Appliance Center v. Thompson, 10 Cir., 250 F.2d 881, 883, where it was said:

"* * * It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis. * * *" (Emphasis supplied.)

We agree that plaintiff's pleading should be so viewed, yet a complaint must state something more than facts which, at most, would create only suspicion the plaintiff has a right to relief.

Liberality does not go so far as to excuse omission of that which is material and necessary in order to entitle relief. 1A Barron and Holtzoff, Wright, Federal Practice and Procedure, Rules Ed., § 255, p. 60. See also Hays v. Hercules Powder Co., D.C.Mo., 7 F.R.D. 599; Eli E. Albert, Inc. v. Dun & Bradstreet, D.C.N.Y., 91 F.Supp. 283.

Commenting upon what is required to withstand a motion to dismiss, it was said in Hoshman v. Esso Standard Oil Company, 5 Cir., 263 F.2d 499, 502, certiorari denied 361 U.S. 818, 80 S.Ct. 60, 4 L.Ed.2d 64:

"* * * But when the facts, alleged or assumed within the framework of the complaint, show that the claim is without merit there is no need to go to trial. * * *"

In the instant case, the motion to dismiss admits the defendant is spending money and will continue to spend money for acquisition of easements, employment of persons to obtain easements and the survey of lands in the City of Sheridan, and adjacent thereto, for the purpose of controlling floods and making or to make other expenditures pertaining thereto. Standing alone, the fact that defendant was spending money as pleaded was insufficient to entitle plaintiff to the relief he prays. But plaintiff alleged the defendant was unlawfully spending money. Does that conclusion aid the pleading? We think not.

In Lore v. Town of Douglas, Wyo., 355 P.2d 367, 369, we said:

"* * * we doubt if the mere characterization of the activities as a 'nuisance' can change the nature of plaintiffs' right to relief which depends upon defendant's failure to exercise reasonable care."

So here the mere characterization of defendant's spending of money for flood control as "unlawful" does not change the nature of plaintiff's right to relief, because plaintiff's right to relief in this case depends entirely upon whether the laws of this State authorized such expenditure. These laws, as construed by decisions of this court, authorized defendant's activities entailing the criticized expenditures. Therefore, plaintiff's claim of unlawfulness was without merit, and there was no need to go to trial.

Thus, we find the decision in this case rested solely upon the legality of the defendant's spending. As there was statutory authority for defendant doing that which plaintiff says is unlawful and in derogation of plaintiff's rights, there was nothing the court could do but dismiss the complaint, inasmuch as the constitutionality of the statutes was not raised. Had plaintiff complained that defendant was unlawfully spending money to employ a policeman to

guard the public safety, few would say a claim was made upon which relief could be granted. To charge money was unlawfully spent to control floods is as insufficient. In the one case the money would be spent under statutory authority to protect the public safety, and in the latter, the spending was authorized to protect the public health as well as its safety.

Although it does not appear by pleading or affidavit that defendant was charged with having failed to properly budget for the expense of flood control, the appellant, by brief, suggests this as an additional cause for complaint. We find little merit in this afterthought. The violation of our budget law, if any, might subject the violator to certain discipline or penalty. It could not relieve the defendant of the duty nor deny it the right to protect the public from a health or safety hazard. We do not conceive the failure of officials to abide by the budget laws can forfeit the public's right to have necessary or expedient protection. The remedy, if any, would be appropriate action against the derelict officials. However, the defendant did make some attempt to budget its expenditures and allocated a sum of money to its General Fund, from which the criticized spending was made.

To directly answer appellant's contentions, we hold:

1. The affidavits filed did not present matters outside the complaint, nor raise any genuine issue of fact necessary or material to the determination of the action;

hence, neither Rule 56(c) nor Rule 56(e) applied.

2. Defendant's (appellee's) affidavits do not indicate illegal expenditures, are not self-contradictory, and Rule 56(e) did not apply for the reason stated above.

3. The complaint did not state a claim upon which relief could be granted.

4. The affidavits filed by plaintiff did not raise any question of fact controverted by defendant nor did they raise any genuine issue of fact necessary or material to the determination of the action.

5. The plaintiff elected not to amend his petition but to stand on it, and, moreover, there was nothing in the record to indicate that there was any set of circumstances which would admit of his stating a claim upon which relief could be granted.

6. The court's findings that the City had authority to spend and was lawfully spending money for purposes set forth in the complaint needed no evidence to sustain them, inasmuch as those expenditures were authorized by law. Therefore, the court's findings were warranted, did not exceed the scope of the inquiry, and needed no evidence to support them.

7. A summary judgment was not in fact rendered.

8. The criticized expenditures did not violate the Constitution.

The judgment of the lower court is affirmed.

Affirmed.