760 P.2d 992 (1988)
Donna PETERSEN, Appellant (Plaintiff),
v.
CAMPBELL COUNTY MEMORIAL HOSPITAL DISTRICT, a body corporate, Appellee (Defendant).
No. 88-125.
Supreme Court of Wyoming.
September 2, 1988.
*993 Don M. Empfield, Gillette, for appellant.
W. Henry Combs, III, Murane & Bostwick, Casper, and Rex O. Arney, Redle, Yonkee & Arney, Sheridan, for appellee.
Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.
GOLDEN, Justice.
Appellant Donna Petersen appeals from the disposition of her personal injury action on summary judgment. The action arose from her November 22, 1985, slip and fall on premises occupied by her treating physician, Dr. Timothy P. Hallinan, and owned by appellee Campbell County Memorial Hospital District of Gillette, Wyoming.[1]
On appeal, Mrs. Petersen states three interrelated issues, but effectively argues only the third. She first raises the issue of the propriety of summary judgment on her negligence allegation concerning removal of a natural accumulation of ice and snow. Next, she claims the hospital district did not meet its summary judgment burden of proving the nonexistence of a genuine issue of material fact with respect to her negligence allegations concerning the hospital district's construction and maintenance of dangerous and unsafe steps; failure to provide roughened, skid-resistant covering or paint on the steps; and failure to provide adequate maintenance and repair of the steps. Last, she challenges summary judgment as to the hospital district's alleged failure to provide an adequate handrail for the steps.
We affirm summary judgment on all negligence allegations except the hospital district's failure to provide an adequate handrail for the steps, as to which allegation we reverse.
*994 Mrs. Petersen arrived at Dr. Hallinan's office in Gillette, Wyoming, around 8:15 a.m. on November 22, 1985. She arrived that day in her ninth month of pregnancy, weighing about 190 pounds, standing a shade over five feet tall, and wearing traction soled tennis shoes. Upon leaving the doctor's office she slipped on a one-inch layer of naturally accumulated ice and snow covering the front steps. Describing her accident in her deposition, Mrs. Petersen testified that she was at the porch top of the three-step stairway, grasped the stairway handrail with her right hand, placed her right foot down on the first step while keeping her left foot on the porch top, and suddenly her feet went out from underneath her, causing her to fall on the top, flat part of the porch. As she fell, her "behind" struck the stairway surface and her left foot went underneath her. Then she slid down the steps landing at the bottom of the stairway with her left foot underneath her "behind."
In her complaint, Mrs. Petersen alleged, and the hospital district in answer denied, that the hospital district was negligent in the construction and maintenance of the steps and because it failed to: 1) remove snow on the step; 2) provide roughened, skid-resistant covering or paint on the step; 3) provide adequate maintenance and repair of the steps; and 4) provide an adequate handrail for the steps.
The parties conducted discovery, including the depositions of Mrs. Petersen and Dr. Hallinan. On February 29, 1988, the trial court granted summary judgment favoring the hospital district. The court based its decision on the finding that Mrs. Petersen was a business invitee who slipped and fell on a natural accumulation of snow which was readily apparent to her at the time of her accident. The trial court concluded that no genuine issues of material fact existed and the hospital district was entitled to judgment as a matter of law.
We review this summary judgment appeal under W.R.C.P. 56, in accordance with our well-established standard of review recently set out in Milligan v. Big Valley Corporation, 754 P.2d 1063, 1068 (Wyo. 1988). We need not recite that standard.
The hospital district begins its argument by citing this court's holding in Sherman v. Platte County, 642 P.2d 787, 789 (Wyo. 1982). That case is squarely on point and cancels any alleged hospital district liability for failure to remove naturally occurring accumulations of snow and ice.
Concerning Mrs. Petersen's allegation it failed to provide roughened, skid-resistant covering or paint on the steps and this failure caused her slip and fall, the hospital district did not present any evidence to inform the court of what material the steps were made or whether the steps were covered with any roughened, skid-resistant material or substance. However, the hospital district did address this material fact by relying upon Mrs. Petersen's deposition testimony that she slipped on the steps because they were covered by a one-inch layer of ice and freshly fallen snow. By her own admission the proximate cause of her slip on the step was this one-inch layer of ice and snow. Mrs. Petersen's evidence plainly shows that it did not matter whether or not the step had a roughened, skid-resistant surface since, on the morning of her fall, its surface would have been covered by a one-inch layer of ice and freshly fallen snow and would not have been of use to prevent her foot from slipping. Reasonable minds cannot differ on that conclusion. Parker v. Haller, 751 P.2d 372, 375 (Wyo. 1988). Therefore, as a matter of law, the hospital district's alleged negligence in failing to provide a roughened, skid-resistant covering on the steps, if proved, could not be a proximate cause of Mrs. Petersen's slip and fall.
Mrs. Petersen's negligence allegations concerning the hospital district's failure to construct safe steps and adequately to maintain and repair them fail on summary judgment for the same reason. The hospital district relied upon Dr. Hallinan's deposition testimony that the steps were painted sometime before her slip and fall, the handrail was not loose when she fell, no one had complained to him about the condition of the steps or slipped and fallen on *995 them before she did, and that he was always satisfied with the hospital district's maintenance of the steps. Mrs. Petersen's summary judgment showing did not include any evidence tending to show the hospital district's unsafe construction or inadequate maintenance and repair of the steps; likewise, she did not offer evidence on this material fact tending to show that her slip was caused, in whole or in part, by any condition other than the one-inch layer of ice and snow. As we stated above, reasonable minds cannot differ concerning her slip and fall having been caused by the ice and snow, and not the alleged and unproven, unsafe construction or inadequate maintenance and repair of the steps. Summary judgment on those issues of negligence was also proper as a matter of law. Parker, 751 P.2d at 375.
With respect to Mrs. Petersen's allegation that the hospital district failed to provide an adequate handrail for the steps, the hospital district did not support its motion for summary judgment with any evidence refuting that allegation. Accordingly, Mrs. Petersen was entitled to rely upon her allegation and had no obligation to present any factual support for it. Her unrefuted allegation is sufficient to state a claim upon which relief can be granted. Therefore, the trial court inappropriately entered summary judgment against Mrs. Petersen on that allegation.
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
URBIGKIT, J., filed an opinion concurring in part and dissenting in part.
URBIGKIT, Justice, concurring in part and dissenting in part.
I concur in affirming the summary judgment dismissal of the claim of appellant, Ms. Petersen, on her negligence allegation involving snow removal as under the time constraints and circumstances shown by the affidavit evidence. I do not broaden the scope of decision to deny that such a duty cannot exist or may not be created when the property owner was presented an adequate opportunity to cure a demonstrably dangerous public egress condition.
In this concurrence, there is agreement with reversal on the hand rail inquiry, but I would differ and consequently dissent in affirming dismissal of appellant's claims against the property owner that:
"b. It failed to provide roughened, skid-resistant covering or paint on the steps although it had a duty to do so; and
* * * * * *
"d. It failed to provide adequate maintenance and repair of the steps, although it had a duty to do so."
Assuming the accuracy of the unrefuted allegations of the complaint of either improper construction or improper maintenance, there is to be found within the minimal record no sufficient evidence to sustain summary judgment that the fall was not, at least in part, a result proximately of the nature of the stairs as then effected by the inevitability in Wyoming of falling snow in the winter time. There is insufficient factual development for this summary judgment disposition to empirically determine, as a matter of law, that the construction and maintenance condition of the stairs did not constitute a causative factor in the patient's fall. One could not consider snow and ice to be an unexpected and totally unrelated intervening cause in Gillette, Wyoming during the winter time. Proximate cause is normally a jury question. England v. Simmons, Wyo., 728 P.2d 1137 (1986), majority and dissent. See summary judgment standard, Cordova v. Gosar, Wyo., 719 P.2d 625 (1986) and O'Donnell v. City of Casper, Wyo., 696 P.2d 1278 (1985).
Consequently, I partially concur in disposition of two appeal issues, but respectfully dissent as to the affirmation of summary judgment for a claim which embraces improper construction and inadequate maintenance of a public building entrance.
NOTES
[1] Dr. Hallinan was dismissed from this appeal on June 22, 1988.