Malgorzata JUNG–LEONCZYNSKA,
Appellant (Plaintiff),

v.

Matthias STEUP, Appellee (Defendant).

No. 89–91.

Supreme Court of Wyoming.

Nov. 16, 1989.

Malgorzata Jung–Leonczynska, pro se.

Steven R. Helling of Murane & Bostwick, Casper, for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

GOLDEN, Justice.

In this summary judgment appeal we hold that the question whether a public employee, who allegedly engaged in intentional tortious conduct, was acting within the scope of his duties under W.S. 1–39–104(a) (June 1988 Repl.), was a question of fact for the trier of fact, not one of law for the court as was determined by the trial court. In accordance with our discussion of this primary issue and the other issues presented, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

Malgorzata Jung–Leonczynska (Leonczynska) filed an action against Professor Matthias Steup (Steup) seeking damages because of an incident which occurred at 1:00 p.m. on November 13, 1987, in a University of Wyoming classroom during an independent study course class being taught by Steup as a faculty member and attended by Leonczynska as a student. According to Leonczynska's complaint, Steup jumped up from his seat and ran four to five yards to where she was sitting. As he came toward her he was angry and yelling; he shook his fist in front of her face; he pounded the table in front of her face; and pounded her belongings on the table, which belongings were in her immediate possession and connected with her body. In her complaint Leonczynska alleged that Steup's intention was to create in her fear and apprehension of imminent bodily contact by him and that as a result of Steup's conduct, she had a fear and apprehension of imminent bodily contact by him. She sought damages on the alternative theories of assault, battery, intentional infliction of emotional harm, and duress and undue influence. Steup answered the complaint, generally denying the allegations of wrongdoing and asserting several affirmative defenses.

During the pendency of discovery, Steup moved for summary judgment, supporting his motion with an affidavit and memorandum of law. In his motion he asserted that: the trial court lacked subject matter jurisdiction because Leonczynska failed to allege that she had filed a claim under W.S. 1–39–113 (June 1988 Repl.) of the Wyoming Governmental Claims Act; he was immune from tort liability pursuant to the provisions of W.S. 1–39–104(a) (June 1988 Repl.); Leonczynska's claims were barred by the statute of limitations set forth in W.S. 1–3–105(a)(v); and the allegations within the complaint failed to state claims upon which relief could be granted.

The trial court granted Steup's motion for summary judgment, finding as a matter of law that Steup was a public employee

acting within the scope of his duties as defined in W.S. 1–39–103(a)(v). The trial court concluded that the provisions of the Wyoming Governmental Claims Act applied; no statutory exception to the grant of immunity existed; Leonczynska's complaint failed to allege she had filed a claim under the act as required, as a result of which the court had no subject matter jurisdiction; and Steup was immune from liability for his conduct. The trial court found it unnecessary to rule on the statute of limitations issue. Following the trial court's adverse decision, Leonczynska filed this appeal.

From our reading of the parties' appellate briefs, we identify three issues that involve procedural questions; the fourth issue is substantive:

I. Is an appellant's notice of appeal deemed filed for purposes of the fifteen day requirement of W.R.A.P. 2.01 only upon the appellant's payment to the clerk of the district court of the twenty-five dollar transcript fee prescribed by W.S. 5–3–206(a) (Cum.Supp.1988)?

II. Is Leonczynska's failure to file a certificate of compliance with her notice of appeal as prescribed by W.R.A.P. 2.01 justification to dismiss her *appeal?*

III. Is Leonczynska's failure to make appropriate page references to the record on appeal in her statement of facts set forth in her appellate brief justification to dismiss her *appeal?*

IV. Did the trial court err in granting Professor Steup's motion for summary judgment?

## I.

### Failure to Pay Transcript Fee Upon Filing of Appeal

■ A civil appeal from a district court to this court shall be taken by filing a notice of appeal with the clerk of the district court within fifteen days from entry of the judgment or final order appealed from. W.R.A.P. 2.01.[1] Concurrently with

---

1. W.R.A.P. 2.01 states in material part:

> An appeal, civil or criminal, permitted by law from a district court to the Supreme

this filing, the appellant shall order and arrange for the payment of the transcript. *Id.* For all civil matters filed or commenced, the clerk of the district court shall charge the sum of twenty-five dollars for all transcripts in cases appealed to this court. W.S. 5–3–206(a)(vii) (Cum.Supp. 1988).

On March 15, 1989, two days after the trial court entered its summary judgment order against Leonczynska, she presented her notice of appeal for filing to the clerk of the district court. Leonczynska did not pay the twenty-five dollar transcript fee at that time; rather, she filed an affidavit seeking to proceed without payment of the fee. After the trial court denied her request to proceed without payment of the fee, she paid the fee on April 12, 1989. Steup argues, without citation of supporting case law, that Leonczynska's notice of appeal was not deemed filed for W.R.A.P. 2.01 purposes until she paid the transcript fee under W.S. 5–3–206(a)(vii). Under Steup's argument, since Leonczynska did not pay the transcript fee until thirty days after the entry of the summary judgment order, the notice of appeal was deemed filed then, causing the appeal to be filed beyond the fifteen-day period required by W.R.A.P. 2.01. Therefore, Steup argues, Leonczynska's appeal must be dismissed.

> Court, shall be taken by filing a notice of appeal with the clerk of the district court within fifteen (15) days from entry of the judgment or final order appealed from and concurrently serving the same in accordance with the provisions of Rule 5, W.R.C.P., unless a different time is provided by law, except that: (1) upon a showing of excusable neglect the district court in any action may extend the time for filing the notice of appeal not exceeding fifteen (15) days from the expiration of the original time prescribed herein, provided the application for extension of time is filed and the order entered prior to the expiration of thirty (30) days from entry of judgment or final order appealed from; appellant shall be responsible for promptly serving the appellee with a copy of the order extending the time; (2) if a timely notice of appeal is filed by a party, any party may file a notice of appeal within fifteen (15) days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed herein, whichever period last expires. The running of the time for appeal in a civil case is terminated as

We reject Steup's argument. The plain language of W.R.A.P. 2.01 does not establish linkage with W.S. 5–3–206(a)(vii). The rule speaks only of the filing of the notice of appeal; it says nothing about payment of the transcript fee. It establishes no requirement that the appellant pay for a transcript when the notice is filed. To the contrary, all the appellant need do is *arrange* for the payment of the transcript. The clear import of this language is the recognition of future, not immediate, payment. W.R.A.P. 2.02 prescribes the contents of the notice of appeal; it likewise says nothing about the payment of the transcript fee. W.R.A.P. 3.02 provides that within forty days from the date of the filing of the notice of appeal, the appellant shall file the record on appeal and pay the docket fee fixed by W.R.A.P. 10.01. We hold that an appellant's notice of appeal is deemed filed for purposes of W.R.A.P. 2.01 upon the appellant's presenting the notice for filing to the clerk of the district court and not upon the appellant's payment to the clerk of the transcript fee prescribed by W.S. 5–3–206(a)(vii).

## II.

### Failure to File Certificate of Compliance

■ W.R.A.P. 2.01, in relevant part, states:

> to all parties by a timely motion made by any party pursuant to any of the rules hereinafter enumerated, and the full time for appeal commences to run and is to be computed from the entry of any of the following orders made upon timely motion under such rules, or when such motions are deemed denied; granting or denying a motion for judgment under Rule 50(b), W.R.C.P.; granting or denying a motion under Rule 52(b), W.R.C.P., to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; granting or denying a motion for a new trial under Rule 59, W.R.C.P.
>
> \* \* \* \* \* \*
>
> Concurrently with filing of the notice of appeal, the appellant shall order and either arrange for the payment of a transcript of the portions of the evidence deemed necessary for the appeal or make application for payment thereof as provided in Rule 10.06; a certificate of compliance therewith shall be filed in the case or endorsed upon the notice of appeal \* \* \*."

Concurrently with filing of the notice of appeal, the appellant shall order and either arrange for the payment of a transcript of the portions of the evidence deemed necessary for the appeal or make application for payment thereof as provided in Rule 10.06; a certificate of compliance therewith shall be filed in the case or endorsed upon the notice of appeal * * *.

Steup alleges that Leonczynska failed to file the certificate of compliance evidencing that she ordered and arranged for the payment of a transcript of the evidence deemed necessary for the appeal. For this failure, he seeks the remedy of the dismissal of the appeal. Although the record on appeal does not contain such a certificate, the record clearly shows that Leonczynska ordered and arranged for the payment of a transcript. The record further shows that Leonczynska caused the record on appeal to be filed timely with this court and paid the requisite docket fee fixed by W.R.A.P. 10. Under these circumstances we find the absence of the certificate to be harmless and the remedy of dismissal too harsh and unjustified.

## III.

### Failure to Make Page References to Record on Appeal

■ W.R.A.P. 5.01(3) states that the appellant's brief shall contain a statement of the case which shall include, among other things, "a statement of the facts relevant to the issues presented for review with appropriate page references to the record * * *." Steup points out that Leonczynska has failed to provide in her appellate brief appropriate page references to the record in her statement of the facts. Steup again seeks dismissal for this failure. Recently, in *V-1 Oil Company v. The Honorable Robert B. Ranck*, 767 P.2d 612, 613 (Wyo. 1989), we cautioned litigants practicing before this court to comply with W.R.A.P. 5.01(3). We do not retreat from that caution. In this case, however, the record is not lengthy and the portions of the record relevant to the issues presented for review are easily found. Consequently, our re-

view has not been hampered by Leonczynska's failure to make appropriate page references to the record. In light of this, we deem the remedy of dismissal too harsh and unwarranted.

## IV.

### Summary Judgment

We review this summary judgment appeal under W.R.C.P. 56, in accordance with our well-established, often-stated standard of review, recently reiterated in part in *Case v. Goss*, 776 P.2d 188, 190–91 (Wyo. 1989). The moving party, Steup, has the initial burden to show that no genuine issue of material fact exists. *Stundon v. Sterling*, 736 P.2d 317, 318 (Wyo.1987). "Conclusory affidavits are insufficient and specific facts must be shown." *Davenport v. Epperly*, 744 P.2d 1110, 1112 (Wyo.1987). We examine the record in the light most favorable to the nonmoving party, Leonczynska here, granting her all favorable inferences which can properly be drawn from the evidence. *Wessel v. Mapco, Inc.*, 752 P.2d 1363, 1367 (Wyo.1988). If the moving party does not support his motion with evidence refuting the nonmoving party's allegation, the nonmoving party is entitled to rely upon that unrefuted allegation and has no obligation to present any factual support for it. *Petersen v. Campbell County Memorial Hospital District*, 760 P.2d 992, 994 (Wyo.1988). The nonmoving party's unrefuted allegation is sufficient to state a claim upon which relief can be granted. *Id.* at 995.

Leonczynska's complaint, alleging assault, battery, intentional infliction of emotional harm, and duress and undue influence, asserted the material allegations that Steup, as a faculty member of the University of Wyoming, engaged in intentional tortious conduct against her, as his student, during class hours of the class he was teaching in a classroom at the University. Allegedly, he ran toward her in a fit of anger, yelling at her and shaking his fist in her face; he pounded the table in front of her as well as her personal belongings on the table. She alleges that his intention

was to create in her fear and apprehension of imminent bodily contact by him and that as a result of his conduct she was in fear of and apprehensive about imminent unconsented bodily contact by him. In her complaint she did not allege that Steup was acting within the scope of his duties as a public employee. She did not bring suit against the University of Wyoming as Steup's employer under a respondeat superior theory. Her complaint was solely against Steup individually. In her count alleging the intentional infliction of emotional harm, she alleged that the extreme and outrageous character of Steup's conduct arose from an extreme abuse of his position as a faculty member.

In his answer to the complaint Steup admitted he was a faculty member, but denied he engaged in the alleged tortious conduct. His general denial of these allegations placed them in issue. He supported his motion for summary judgment with his own affidavit which recited in material part that at the time of the alleged incident "I was acting in my capacity as her instructor and doing the things that I was requested, required and authorized to do by the University of Wyoming, namely teach the independent study course entitled PHIL600–03." In granting Steup's motion for summary judgment, the trial court evidently concluded as a matter of law, based upon the supporting affidavit, that he was acting within the scope of his duties at the time of the alleged incident.

■ We disagree with that conclusion. Our past decisions inform us that the question whether an employee is acting within the scope of employment when he commits an intentional tort, for the purposes of fixing his employer's vicarious liability, is normally one for the trier of fact and becomes one of law when only one reasonable inference can be drawn from the evidence. *Condict v. Condict,* 664 P.2d 131, 135 (Wyo.1983); *Sage Club v. Hunt,* 638 P.2d 161, 162–63 (Wyo.1981). In *Milton,* 762 P.2d at 377, we discerned a difference in purpose between the term "scope of employment," which concerns the employer's vicarious liability for its employee's con-

duct, and the statutory term "scope of duties," which concerns whether the provisions of the Wyoming Governmental Claims Act apply and afford indemnity protection to the employee by the act's automatic invocation of vicarious liability. Our recognition of these different purposes, however, does not require that we view the "scope of duties" question any differently from the "scope of employment" question. The former question, like the latter one, is normally a question for the trier of fact and becomes one of law when only one reasonable inference can be drawn from the evidence.

■ In our judgment, Steup's somewhat conclusory affidavit, reciting that he was teaching his course, states nothing more than a material fact from which one could infer only that he was acting within the scope of his employment by the University, but not that he was acting within the scope of his duties. In this regard, we must recall that *Milton* instructs that an actor may well be within the scope of his employment, but still not acting within the scope of his duties. It is important to note that *Matthews v. Wyoming Department of Agriculture,* 719 P.2d 216, 220 (Wyo.1986), assigns to a defendant, such as Steup, who is sued in his individual capacity, the obligation to establish he was acting within the scope of his duties if he seeks to defend the claim against him as an individual on the ground of immunity under the Governmental Claims Act. The obligation is to demonstrate in his summary judgment materials that the conduct upon which his liability allegedly depends consisted of duties which his employing "governmental entity requests, requires or authorizes a public employee to perform * * *." W.S. 1–39–103(a)(v). Steup's affidavit does not state that the University of Wyoming, as his employing governmental entity, requested, required and authorized him as a faculty member employee to engage in the particular conduct ascribed to him by Leonczynska in her complaint. In fact, as previously noted, Steup's answer denied engaging in that particular conduct.

Since his affidavit does not state a fact from which one could infer that he was acting within the scope of his duties, he has failed in his obligation under *Matthews* to demonstrate no genuine issue of material fact existed, that is, his acting within the scope of his duties. We hold that questions for the trier of fact exist about whether Steup in fact acted in the way Leonczynska alleges, and, if he did, whether he was acting within the scope of his duties when so acting.

In our review of the intentional torts pleaded by Leonczynska, we find that the elements of civil assault, as recognized in *Restatement (Second) of Torts* §§ 21, 24, 26, 27, 28, 31, 33 and 34 (1965), are stated, and the technical elements of civil battery, as recognized in *Restatement (Second) of Torts* §§ 18–20, are stated. Also stated are the elements of intentional infliction of emotional harm, as recognized by this court in *Leithead v. American Colloid,* 721 P.2d 1059, 1064–68 (Wyo.1986) ("We join the vast majority of states and hold that the tort of intentional infliction of emotional distress, as reflected in § 46 of the *Restatement, Second, Torts,* is a valid cause of action in Wyoming.") Leonczynska's complaint has stated at least three claims upon which relief can be granted. With respect to the final tort that she pleaded, duress and undue influence, she stated in essence that Steup had forced her to submit her final paper regarding the subject matter of the class she was attending and to recognize his authority, depriving her of the free exercise of her will and her constitutional rights. We are unable to decipher what Leonczynska is alleging here; in its present form we do not find a legally cognizable claim. Therefore, we affirm the trial court's dismissal of this claim.

In summary, we hold that Leonczynska's notice of appeal was timely filed; her failure to file a certificate of compliance as prescribed by W.R.A.P. 2.01 and her failure to make appropriate page references to the record on appeal in her appellate brief do not warrant dismissal of her appeal. We further hold that the trial court erred in granting Steup's motion for summary judgment as to the claims of assault, battery, and intentional infliction of emotional harm, but not as to the claim of duress and undue influence.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

CARDINE, C.J., filed a specially concurring opinion.

CARDINE, Chief Justice, specially concurring.

I agree with the majority that appellee's affidavit is entirely conclusory and is insufficient to support his motion for summary judgment. The affidavit contains no factual statement of what occurred in the classroom nor any statement or description of duties and work for which he was employed. Our review in such a situation may not reach the confines of W.R.C.P. 56 at all.

W.R.C.P. 56 allows a party to move for summary judgment with or without supporting affidavits. W.R.C.P. 56(a) and (b). When a motion for summary judgment is based solely on the pleadings, it is functionally equivalent to a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Landmark, Inc. v. Stockmen's Bank & Trust Company,* 680 P.2d 471, 474 (Wyo. 1984). See 6 *Moore's Federal Practice,* ¶ 56.11[2], p. 56–110 (2nd ed.1988). In other words, the question of whether to grant a motion in such a situation is whether the plaintiff has failed to state a claim upon which relief can be granted if the facts pled are deemed as admitted and viewed in a light most favorable to the plaintiff. *Landmark, Inc.,* 680 P.2d at 475. See W.R.C.P. 12(b)(6).

The close nexus between the summary judgment motion and the motion to dismiss for failure to state a claim upon which relief can be granted is evident from our rules of civil procedure and our past decisions, i.e., a Rule 12(b)(6) motion will be converted to a motion for summary judgment when matters outside the pleadings are presented. W.R.C.P. 12(b); see *Mostert v. CBL & Associates,* 741 P.2d 1090, 1096–97 (Wyo.1987). The conversion, how-

ever, will not apply when a movant's affidavits contain nothing outside the pleading. *Sump v. City of Sheridan*, 358 P.2d 637, 640 (Wyo.1961). In the instant case, movant labeled his motion as a summary judgment. Regardless of how the motion is labeled, we should treat it as a Rule 12(b)(6) motion. Treated in this fashion, I agree that appellant's complaint states a claim for relief.

I concur in the court's disposition of the issues stated in I, II, and III. I am not prepared at this time, however, to adopt the Restatement of Torts as the law of this state for claims in civil assault and civil battery. I prefer that we await a factual presentation in an actual case before deciding those questions.