**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 4, 2005**

**TENTH CIRCUIT**

PAMELA BEUS,

      Plaintiff-Appellant,

v.

UINTA COUNTY BOARD OF COUNTY
COMMISSIONERS; MICHAEL GREER, Uinta
County Attorney, in his individual and official
capacity; LYNN FOX, Uinta County Clerk, in her
individual and official capacity; TONI LARSON,
Uinta County Attorney's Office Employee, in her
individual and official capacity; SANDY
ADELMANN, Uinta County Attorney's Office
Employee, in her individual and official capacity,

      Defendants-Appellees.

No. 04-8013
(D.C. No. 03-CV-118-B)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR** and **HARTZ**, Circuit Judges, and **BRACK**,[**] District Judge.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]Honorable Robert C. Brack, United States District Judge for the District
of New Mexico, sitting by designation.

Pamela Beus sued her former employer, the Board of Commissioners for Uinta County, Wyoming, and county employees and officials Michael Greer, Lynn Fox, Toni Larson, and Sandy Adelmann, alleging a number of contract, tort, and constitutional claims based on her termination from employment with Uinta County. The district court granted summary judgment to defendants on all claims. Ms. Beus appeals and we affirm.

We review a grant of summary judgment *de novo* and apply the same legal standard employed by the district court. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In applying this standard, "we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Simms*, 165 F.3d at 1326. If there are no genuine issues of material fact, we assess whether the district court correctly applied the substantive law. *Id.*

Ms. Beus contends she had an employment contract with Uinta County requiring that she be treated fairly and honestly, evaluated on her performance, and be terminated only "for cause." Ms. Beus worked in various departments of

the County from March 1997 to January 2003, during which time she was subject to a Personnel Policy Manual. In the summer of 2002, County Attorney Tom Barnes approached Ms. Beus about working for him and she agreed to a transfer to the County Attorney's office. She knew the Personnel Manual included a provision explaining she would be on probationary status upon her transfer, and that this provision stated her employment would be "at-will." At the time of the transfer, Mr. Barnes had lost a primary race for the position and Ms. Beus knew he would not remain County Attorney. The new County Attorney, Michael Greer, terminated Ms. Beus when he took office on January 7, 2003. The central dispute concerns whether Ms. Beus was an at-will employee at the time.

Under Wyoming law, employment is presumed to be at-will unless an express or implied contract states otherwise.[1] A policy manual can be construed as an employment contract. *Wilder v. Cody Country Chamber of Commerce*, 868 P.2d 211, 217 (Wyo. 1994). If the language of a written contract is unambiguous, the plain language of the contract determines the parties' intent. *Busch Dev., Inc. v. City of Cheyenne*, 645 P.2d 65, 71 (Wyo. 1982).

---

[1]The general duties and powers of the county attorney of Uinta County include employment of staff who serve at the attorney's pleasure. *See* WYO. STAT. ANN. § 9-1-804(c) ("[E]ach district attorney may employ administrative and clerical personnel necessary for the proper and efficient operation of his office. Such personnel shall serve at the pleasure of the district attorney."); *id.* § 18-3-302(b) (applying duties and responsibilities applicable to district attorneys to county attorneys in judicial districts without district attorneys).

The Personnel Manual here stated in relevant part:

Section H. New Hire, Rehire, Nepotism

3. *Probationary Period.* New Hires and *Transferees*: All employees will be considered probationary for a period of one-hundred and eighty (180) consecutive calendar days (6 months) after initial employment, rehiring *or transfer from another department . . . . All probationary employees are at will employees and may be terminated at any time without cause.* During the new hire probationary period, the employee's performance will be reviewed at periodic intervals by their supervisor. Unsatisfactory performance may result in termination without cause.

Vacation . . . is earned during the probationary period but cannot be taken until the employee has completed his probationary period.

Probationary period. Status changes within a Department: A new probationary period will commence when an employee changes status from part time to full time or when promoted from one position to another. During this probationary period, the employee's performance will be reviewed at periodic intervals by their supervisor. Unsatisfactory performance may result in loss of status change and the return to the prior position.

Aplt. App. at 248-49 (emphasis added). Ms. Beus contends she was not an at-will employee under this provision because she was a regular full-time employee who received benefits such as vacation days. The district court concluded that under the Personnel Manual, it was possible for Ms. Beus to be both a regular full-time employee and a probationary employee. She could take vacation days she had previously accrued, for instance, but simply could not take vacation days earned during her probationary period. Ms. Beus also asserts Section H(3) required that she be evaluated according to her performance, and that she should have, at least,

-4-

been permitted to return to her previous position. The district court disagreed with her reading of this provision, concluding instead that the performance evaluations and the possibility of a return to a prior position did not apply to her because she was not a new hire and her transfer was between departments, not within a department. Ms. Beus has presented no arguments that convince us a contrary reading of these express terms of her employment contract is appropriate. Consequently, her breach of contract claim fails.

Ms. Beus also asserts the County and its agents extended certain promises that she relied upon to her detriment. She maintains the Personnel Manual provided she could only be terminated for cause and that outgoing County Attorney Barnes assured her she would be evaluated based on her job performance and, at a minimum, would be returned to her previous position. In accepting the new position, she says she believed she would only be discharged for cause and that she certainly would not have transferred to the new position without the representation of continued employment.

In Wyoming, the existence of "a conspicuous disclaimer that indicates at-will employment defeats a promissory estoppel claim." *Trabing v. Kinko's Inc.*, 57 P.3d 1248, 1255 (Wyo. 2002). Such a disclaimer renders it unreasonable for an employee to rely on any later agreement that purports to create a different employment relationship. *Id.* The district court determined that Mr. Barnes'

statements to Ms. Beus were not the type that could be reasonably relied upon. First, at the time the statements were made, Ms. Beus and Mr. Barnes knew he would not be in office in January 2003. Second, Mr. Barnes incorrectly represented to her that he could obligate Mr. Greer to employ her or that she could revert to her former position. Most importantly, Ms. Beus actually knew she would become a probationary employee upon her transfer, and she acknowledged she had read the Personnel Manual, which included the at-will employment disclaimer in Section H(3). It was, therefore, unreasonable for her to rely on Mr. Barnes' statements. Given these circumstances, the district court correctly determined that Ms. Beus' claim failed under Wyoming law.

Ms. Beus also appeals the dismissal of several state tort claims: 1) tortious breach of the covenant of good faith and fair dealing; 2) tortious interference with contractual relations; 3) tortious interference with prospective economic advantage; and 4) defamation. As the basis of these claims, she contends Uinta County and its agents owed her a duty based on a special relationship of trust. She also claims that a former supervisor, Lynn Fox, and two co-workers in the County Attorney's office, Toni Larson and Sandy Adelmann, made false statements to incoming County Attorney Greer to induce him to terminate her employment. These three individuals allegedly told Mr. Greer she lacked legal experience, was untrustworthy, and was engaged in an illicit sexual relationship

with Mr. Barnes. We need not address the merits of these issues because we conclude the Wyoming Governmental Claims Act (WGCA), WYO. STAT. ANN. §§ 1-39-101, *et seq.*, renders defendants immune from tort claims.

The WGCA grants immunity against tort claims to the State, all local entities, and their officials and employees acting within the scope of their duties, unless that immunity has been expressly waived. *See* WYO. STAT. ANN. § 1-39-104; *Hoff v. City of Casper-Natrona County Health Dept.*, 33 P.3d 99, 105 (Wyo. 2001); *Harbel v. Wintermute*, 883 P.2d 359, 363 (Wyo. 1994). In countering the immunity argument, Ms. Beus contends that none of defendants were acting within the scope of their duties. *See Jung-Leonczynska v. Steup*, 782 P.2d 578, 582 (Wyo. 1989) (scope of duties is "normally a question for the trier of fact and becomes one of law when only one reasonable inference can be drawn from the evidence").

Pursuant to the WGCA, public employees act within the scope of their duties if a governmental entity requests, requires, or authorizes them to perform the duties, regardless of the time and place of performance. *Id.* § 1-39-103(a)(v); *Duncan v. Town of Jackson*, 903 P.2d 548, 554 (Wyo. 1995). Ms. Beus claims defendants' actions in passing along false and malicious statements fell outside the scope of their duties. Defendants counter that their statements were made in the context of a prospective employer investigating and evaluating an employee

by talking to her fellow employees. Mr. Greer, Ms. Fox, Ms. Larson, and Ms. Adelmann were indeed discussing matters related to Mr. Greer's staffing needs in the County Attorney's office. Although Ms. Beus may feel that the conversations evidenced malice towards her, discussion of staffing concerns and personnel evaluations are routine aspects of employment and squarely fall within the scope of duties. *See, e.g., Brockman v. Wyo. Dep't of Family Servs.,* 342 F.3d 1159, 1169 (10th Cir. 2003) (defendant's filing negative employment evaluations of plaintiff were "routine actions of employee management and thus fall comfortably within the scope of their duties").

Moreover, under Wyoming law "[a]n employer who discloses information about a former employee's job performance to a prospective employer . . . is presumed to be acting in good faith." WYO. STAT. ANN. § 27-1-113. This is a conditional privilege derived from the common law, and a plaintiff can defeat it by presenting evidence of actual malice. *See* RODNEY A. SMOLLA, 2 LAW OF DEFAMATION § 8.53 (2005), § 8.53*; Casteel v. News-Record, Inc.,* 875 P.2d 21, 23, 25 (Wyo. 1994) ("A conditional privilege is a qualified privilege and typically protects the speaker or publisher unless actual malice and knowledge of falsity of the statements is shown.") (also citing *New York Times v. Sullivan*, 376 U.S. 254 (1964)); § 27-1-113 (presumption of good faith rebutted by a showing that information disclosed was "knowingly false or deliberately misleading or was

rendered with malicious purpose"). The privilege applies to a co-worker evaluating an employee for a superior. *See* SMOLLA, § 8153. Even assuming that Ms. Beus was defamed, she made only unsubstantiated and conclusory allegations that the statements in question were made with knowledge of falsity and actual malice. *See* Aplt. app. at 118 (Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment) ("The Defendants, Fox, Adelmann and Larson, *should have known* that their statements concerning the Plaintiff were false, made without reasonable grounds for their belief in their truth and without reasonable investigation of the truth or falsity of these statements. The Defendants published these statements maliciously with the knowledge of their falsity or with reckless disregard for the truth with the intent of harming the reputation of the Plaintiff and causing her employment to be terminated.") (emphasis added). As a result, she failed to defeat defendants' privilege.

Finally, Ms. Beus makes a 42 U.S.C. § 1983 claim that defendants deprived her of property and liberty interests without due process. First, echoing her breach of contract claim, she asserts she was not an at-will employee but instead possessed a property interest in her employment and was entitled to procedural and substantive due process before being deprived of her position. An employee possesses a property interest in public employment only if she has tenure, a contract for a fixed term, or if state law allows dismissal only for "cause" or its

equivalent. *See Bd. of Regents v. Roth*, 408 U.S. 564, 576-77 (1972); *see also Bishop v. Wood*, 426 U.S. 341, 345-46 & n.8 (1976); *Greene v. Barrett*, 174 F.3d 1136, 1140-41 (10th Cir. 1999). As an at-will employee, Ms. Beus did not have a reasonable expectation of continued employment and thus no property interest in her position that would entitle her to either procedural or substantive due process. Moreover, a substantive due process claim requires assessing whether a governmental action is arbitrary, without a rational basis, or shocks the conscience. *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 528 (10th Cir. 1998); *Butler v. Rio Rancho Publ. Schs. Bd. of Educ.*, 341 F.3d 1197, 1200-01 (10th Cir. 2003). As the district court concluded: "Defendant Greer's action of terminating an employee upon his first day in elected office to fill a position with someone else of his choosing does not shock the [conscience] of this Court and is not considered outrageous or arbitrary." Aplt. App. at 45. We agree.

Ms. Beus also claims her liberty interest was violated because she was terminated and her reputation was damaged by the false representations of Ms. Fox, Ms. Larson, and Ms. Adelmann. A public employee can assert a violation of a liberty interest arising out of a discharge if she shows her dismissal resulted in the publication of information that was false and stigmatizing. *Asbill v. Hous. Auth. of Choctaw Nat.*, 726 F.2d 1499, 1503 (10th Cir. 1984). But she must also establish she was foreclosed from taking advantage of future employment

-10-

opportunities as a result of the false publication. *See Melton v. City of Okla. City*, 928 F.2d 920, 927 & n.11 (10th Cir. 1991). As the district court determined, Ms. Beus did not experience a tangible loss of employment opportunities, because she was employed within three months. Moreover, Mr. Greer told her she could apply to the County Attorney's office if a position opened up in the future, and Ms. Fox provided her with a positive letter of reference. Ms. Beus simply failed to substantiate a violation of her liberty interest.[2]

We **AFFIRM**.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge

---

[2]Ms. Beus also appeals the denial of a motion to compel discovery related to certain defendants and an adopted child. She contends this testimony is relevant to the circumstances of her termination. A magistrate judge ruled that the information sought was irrelevant to any cause of action, citing FED. R. CIV. P. 26, among other reasons. The district court affirmed. We review denial of a motion to compel for abuse of discretion. *See Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550 (10th Cir. 1995). Like the district court, we do not find Ms. Beus' alleged need for the information she seeks to be relevant to any cause of action she advances.