**Tamra L. HOZIAN, Appellant (Plaintiff),**

v.

**Gary B. WEATHERMON, Appellee (Defendant).**

**No. 91–102.**

Supreme Court of Wyoming.

Dec. 13, 1991.

Ronald E. Triggs, Cheyenne, for appellant.

Raymond W. Martin, Godfrey & Sundahl, Cheyenne, for appellee.

Before URBIGKIT, C.J., THOMAS and MACY, JJ., and ROONEY and BROWN, JJ. (Retired).

BROWN, Justice, Retired.

Appellee, Gary B. Weathermon, while driving behind appellant, Tamra L. Hozian,

---

on a snowy and icy road, struck the rear of Hozian's vehicle. In a lawsuit filed by appellant, the trial court granted appellee's motion for summary judgment and this appeal followed.

The single issue is whether summary judgment was appropriate under the circumstances of this case.

We reverse and remand.

On December 21, 1989, at approximately 2:00 p.m., appellant was driving her automobile near the eastern outskirts of Cheyenne and approaching the intersection of 12th and Kingham Streets. It was snowing and there was an accumulation of snow on the street, but generally, the streets were not icy or slick. There is a slight disagreement about the accumulation of snow on the road. Appellee, when asked if the roads were slick, said "[n]ot really." Appellant testified that appellee told the police that he was going forty miles per hour before the collision. Appellee paid a fine for careless driving after the intersection collision.

Appellant was approximately two car lengths from the intersection and traveling between twenty and twenty-five miles an hour when she signaled for a right-hand turn. She began to steadily apply her brakes at the same time she began to signal and, immediately thereafter, her vehicle slid on an icy section of roadway and she was unable to complete her turn within the arc and distance originally planned. Appellant's vehicle missed the normal turning point, stopped in the travel lane, and remained stationary for approximately five seconds before appellee's car "rear-ended" her vehicle.

Ice had formed in the area of the intersection and both parties lost control of their vehicles at substantially the same time—appellant when she began to brake and signal, and appellee when he responded to appellant's brake lights and turn signal. A broken water main in the vicinity may have been the source of the water in the intersection which had turned to ice. Appellee testified he thought he may have been able to stop in time to avoid the accident if he had been twice as far behind appellant's automobile. In that event, he said he could have changed lanes. Appellee's theory of defense was that the accident was unavoidable. The trial court apparently agreed with appellee and granted his motion for summary judgment from which order this appeal is taken.

■ The standard of review in summary judgment cases applicable here has been set out in recent Wyoming Supreme Court cases. We have noted that summary judgments are not favored, particularly in negligence actions. *Randolph v. Gilpatrick Construction Co., Inc.*, 702 P.2d 142 (Wyo. 1985).

Summary judgment is a useful tool for disposing of litigation in which there are no real issues or questions of fact that ought to be determined in a trial. *Larsen v. Roberts*, Wyo., 676 P.2d 1046 (1984). It is, however, a drastic remedy which, when granted, deprives a litigant of a right to trial. It, therefore, ought to be utilized with caution and restraint. *Weaver v. Blue Cross–Blue Shield of Wyoming*, Wyo., 609 P.2d 984 (1980); *Keller v. Anderson*, Wyo., 554 P.2d 1253 (1976). Negligence cases usually involve mixed questions of law and fact concerning the existence of a duty, the standard of care required of a reasonable person, and proximate cause and are ordinarily not susceptible to summary adjudication. *Keller v. Anderson, supra; Gilliland v. Steinhoefel*, Wyo., 521 P.2d 1350 (1974). *Kobielusz v. Wilson*, 701 P.2d 559, 560 (Wyo.1985).

A motion for summary judgment places an initial burden on the movant to make a prima facie showing that no genuine issue of material fact exists and that summary judgment should be granted as a matter of law. Rule 56(c), Wyoming Rules of Civil Procedure. Once a prima facie showing is made, the burden shifts to the party opposing the motion to present specific facts showing that a genuine issue of material fact does exist. *England v. Simmons*, Wyo., 728 P.2d 1137, 1140–1141 (1986). We analyze challenges to a grant of summary judgment by reviewing the record in a light

most favorable to the party opposing the motion giving him all favorable inferences that can be drawn from the facts. *Boehm v. Cody Country Chamber of Commerce*, 748 P.2d 704, 710 (Wyo.1987).

■ In summary judgment actions, all reasonable inferences are to be given the nonmoving party. *Davenport v. Epperly*, 744 P.2d 1110 (Wyo.1987); *Cordova v. Gosar*, 719 P.2d 625 (Wyo.1986). If reasonable minds could reach different conclusions and inferences from the facts, the issue of negligence must be submitted to the trier of fact.

Whether, under the circumstances of this case, appellee was negligent in failing to keep a proper lookout was a question to be resolved by the jury. Failure to keep a proper lookout, excessive speed, reliance on stop signs, or other situations of observation are jury questions. *See Welch v. Young*, 225 Kan. 189, 589 P.2d 567 (1979); *Batt v. City of Tulsa*, Okl., 470 P.2d 337 (1970).

*Brockett v. Prater*, 675 P.2d 638, 641 (Wyo. 1984).

The question of negligence, whether nonexistent, slight or gross, is one of fact and if the evidence respecting it is in conflict and such that ordinarily might draw different conclusions, a question of fact for the jury to determine is presented.

*Knudson v. Hilzer*, 551 P.2d 680, 684 (Wyo.1976).

In negligence cases, the question of negligence is one of fact for the jury to decide if the evidence respecting the negligence is in conflict, and we must be mindful that negligence issues do not often lend themselves to summary adjudication.

*Connett v. Fremont County School District No. 6, Fremont County*, 581 P.2d 1097, 1104 (Wyo.1978).

■ In the case before us, there is some dispute regarding appellee's speed immediately before the collision and there is a slight difference in the testimony regarding the condition of the road and the extent of the ice.

We believe that reasonable minds could reach different conclusions and inferences from the facts of this case. Considering the summary judgment standards of review, together with the facts of this case, we conclude that a trier of fact could reasonably conclude that appellee was traveling too fast for existing conditions; and/or he failed to keep a proper look out; and/or failed to maintain a proper and safe distance between his and appellant's vehicles; and/or failed to take evasive action by changing lanes or otherwise; and/or failed to keep his vehicle under control.

Reversed and remanded for trial.