**Roy DRAKE, Appellant (Plaintiff),**

v.

**Brenda D. WINKLER, Personal Representative of the Estate of Gayle Frances Stagner, Deceased; and Pilot Butte, Inc., a Wyoming Corporation, Appellees (Defendants).**

**No. 91–242.**

Supreme Court of Wyoming.

Oct. 8, 1992.

F.M. Andrews, Jr. of Andrews and Anderson, P.C., Riverton, for appellant.

Joel Vincent of Vincent and Vincent, Riverton, for appellee Brenda Winkler.

Norman Young of Hill, Young and Barton, P.C., Riverton, for appellee Pilot Butte, Inc.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT * and GOLDEN, JJ.

GOLDEN, Justice.

Appellant Roy Drake appeals a grant of summary judgment in favor of appellees Brenda D. Winkler (personal representative of the estate of Gayle Frances Stagner, deceased) and Pilot Butte, Inc., a Wyoming corporation. This dispute concerns moneys transferred to both Stagner and Pilot Butte by Drake before Stagner's death. Drake claims the moneys were a loan and meant to be repaid.

We reverse the grant of summary judgment for both appellees and remand this case for trial on the issues.

## ISSUES

Appellant Roy Drake frames the issues on appeal as follows:

* Chief Justice at time of appeal.

1. Did the court err in granting the summary judgment motion of defendant Brenda Winkler, Personal Representative of the estate of Gayle Frances Stagner, deceased?

2. Did the court err in denying plaintiff's motion for summary judgment against Pilot Butte, Inc.?

Appellees Brenda Winkler and Pilot Butte, outline the arguments on appeal as follows:

1. The dead man's statute requires corroboration both of the fact that money was transferred to the decedent and her corporation and also the reason why the money was transferred.

2. The decedent's mere receipt of checks does not sufficiently corroborate the reasons for the transfer of money.

3. The provisions of the Wyoming dead man's statute apply equally to the decedent's closely held corporation.

## FACTS

Appellant Roy Drake and Gayle Frances Stagner were engaged to be married at the time of her death on May 20, 1990. Before her death, Drake claims to have made various "loans" to Stagner from September 20, 1989 to May 2, 1990, with the understanding, through a verbal prenuptial agreement, that these moneys would become mutual assets at the time of marriage or, in the alternative, be repaid to Drake. Stagner did not sign any promissory notes as assurance to repay the funds, nor was there any written evidence that the moneys paid were to be considered "loans."

Sometime before the loans began, Drake gave Bruce McMillan approximately $23,000, Drake's share of insurance proceeds from a fire at Logan Packing Company. McMillan would then disperse money to Drake through drafts on McMillan's account. A total of $23,023 was transferred to Stagner or her closely held corporation, Pilot Butte. Drake claims that various amounts were loaned to the decedent or her corporation on the following dates:

- September 20, 1989, $500 cash loaned to Stagner
- October 9, 1989, $750 cash loaned to Stagner
- December 18, 1989, $1,500 check made to "cash" from the account of Bruce McMillan, endorsed by Stagner
- February 5, 1990, $5,000 check made to "cash" from the account of Bruce McMillan, endorsed by Stagner
- February 5, 1990, $2,000 check made to "cash" from the account of Bruce McMillan, endorsed by Drake and loaned to Stagner
- February 27, 1990, $1,000 check made to "cash" from the account of Bruce McMillan, endorsed by Drake and loaned to Stagner
- February 27, 1990, $6,000 check made to "cash" from the account of Bruce McMillan, deposited into the account of Pilot Butte
- May 2, 1990, $3,273 check made to "cash" from the account of Bruce McMillan, endorsed by Drake and deposited into the account of Pilot Butte
- May 2, 1990, $3,000 check made to "cash" from the account of Bruce McMillan, endorsed by Drake and deposited into the account of Pilot Butte

At the time the moneys were deposited with Pilot Butte, Drake was an officer, though not a shareholder, in the corporation. Duane C. Winkler, Secretary/Treasurer of Pilot Butte, testified that to his knowledge, no evidence exists to show that there was any obligation owed to Pilot Butte by Drake as motivation for the sums deposited.

On August 1, 1990, Drake filed a creditor's claim against the Estate of Gayle Frances Stagner for the amount of $23,023 with interest, which was rejected by the personal representative of the estate, Brenda D. Winkler, on August 31, 1990. Drake then filed a complaint for "money loaned" and "money had and received" against the Stagner estate which was answered by denial from appellee Winkler. An amended complaint was filed on December 17, 1990 bringing suit also against Pilot Butte, claiming $12,273 was paid to the corpora-

tion at the request of Stagner. These suits were consolidated on February 3, 1990.

Winkler and Pilot Butte filed motions for summary judgment on May 22, 1991 and July 3, 1991, respectively. Appellees contend that no written documentation exists evidencing Stagner's promise to repay money to Drake and that Wyo.Stat. § 1–12–102 (1988), requires a claim made against a party incapable of testifying to be corroborated. On August 26, 1991, Drake also filed a motion for summary judgment. The court granted appellees' motions on September 30, 1991. Drake appeals this order.

## STANDARD OF REVIEW

Our standard of review for summary judgment is well known. As we have often stated:

> On appeal from a grant of summary judgment, we review the judgment in the same light as the district court, using the same materials and following the same standards. The party moving for summary judgment has the burden of demonstrating that no genuine issues of material fact exist and that he is entitled to judgment as a matter of law. *We have defined a material fact as one which, if proved, would have the effect of establishing or refuting an essential element of the claim of defense asserted by the parties.* We review the record from the vantage point most favorable to the nonmoving party, giving that party the benefit of every favorable inference which may be drawn from the facts in the materials submitted in the record.

*Home Ins. Co. v. Elston Equip. Co.*, 810 P.2d 992, 993 (Wyo.1991) (quoting *Stephenson v. Pacific Power & Light Co.*, 779 P.2d 1169, 1171 (Wyo.1989)) (emphasis added).

## DISCUSSION

Appellees contend that Wyoming's "Dead Man's Statute" is controlling at this stage of litigation. It provides:

> In an action or suit by or against a person who from any cause is incapable of testifying, or by or against a trustee, executor, administrator, heir or other

representative of the person incapable of testifying, *no judgment or decree founded on uncorroborated testimony shall be rendered in favor of a party whose interests are adverse to the person incapable of testifying or his trustee, executor, administrator, heir or other representative.* In any such action or suit, if the adverse party testifies, all entries, memorandum and declarations by the party incapable of testifying made while he was capable, relevant to the matter in issue, may be received in evidence.

Wyo.Stat. § 1–12–102 (1988) (emphasis added).

Though the parties address the application of this statute to the evidence or lack of evidence at issue in this case, the real question is not the statute's application, but the propriety of the summary judgment order. In other words, the question is whether the movants are able to show that no genuine issue of material fact exists as to the *reason* for the disposition of Drake's money to appellees. As acknowledged previously by this court,

> [t]he motion for summary judgment is a drastic remedy and one which is designed to pierce the formal allegations and reach the merits of the controversy—but only when no material issue of fact is present. Although both parties are obligated to come forward with their evidence, the burden is on the moving party to demonstrate that there is no genuine issue of material fact.

*Cordova v. Gosar,* 719 P.2d 625, 639 (Wyo. 1986) (quoting *Weaver v. Blue Cross–Blue Shield,* 609 P.2d 984, 986–87 (Wyo.1980)) (citations omitted). *See also, Hozian v. Weathermon,* 821 P.2d 1297, 1299 (Wyo. 1991).

██ As appellant states, appellees do not dispute that the moneys were received by Stagner and Pilot Butte, nor do they provide any evidence that tends to *support* that the moneys *were anything other than a loan.* Appellees' entire argument relies on appellant's inability to produce *corroborated* evidence that the moneys were intended as a loan. We perceive that the

burden here has been misplaced. It is the movant's obligation to show that no genuine issue of material fact exists, not to rely on the evidence or lack of evidence of the nonmovant. This court has stated repeatedly:

> [U]ntil the moving party has established with its supporting evidence that there are no genuine issues of material fact requiring a trial, the nonmoving party has no obligation to support his pleadings with any evidence.

*Home Ins. Co.,* 810 P.2d at 993 (quoting *Matthews v. Wyoming Dep't of Agric.,* 719 P.2d 216, 220 (Wyo.1986)).

> If the moving party does not refute the averment of the nonmoving party, the nonmoving party may rely on its averment and has no obligation to present any factual support.

*Alewine v. State Dep't of Health and Social Serv.,* 803 P.2d 1372, 1376 (Wyo.1991) (citing *Jung–Leonczynska v. Steup,* 782 P.2d 578, 582 (Wyo.1989)).

██ The requirement of corroboration of evidence against a party incapable of testifying under the statute should not come into play at the summary judgment stage. At this point we debate only the existence or nonexistence of material facts surrounding the controversy.

Offering no evidence to dispute Drake's claim or show that the moneys were anything other than loans, appellees Winkler and Pilot Butte allege only that Drake cannot corroborate his claim. All appellees have done at this stage is to "arm [themselves] with ordnance to attack him at trial." *Home Ins. Co.,* 810 P.2d at 995. Whether Drake's evidence to support his claims is admissible under the Dead Man's statute remains for the trial court to determine.

In reversing appellees' grant of summary judgment, we cannot hold that Drake's motion for summary judgment should have been granted. Drake has not offered evidence to support his theory of a loan to the exclusion of any other possible theory. We hold that appellees' grant of

summary judgment is reversed and the case remanded to trial.

CARDINE, J., files a partially dissenting and specially concurring opinion.

CARDINE, Justice, partially dissenting and specially concurring.

The rationale of the court in its opinion reversing summary judgment in this case, is that the prohibition of the dead man's statute preventing entry of judgment upon uncorroborated testimony is available to the appellee at trial but not at the summary judgment stage of the proceeding. Thus, the court states in its opinion that:

> The requirement of corroboration of evidence against a party incapable of testifying under the statute should not come into play at the summary judgment stage.

Maj. op. at 1180. Why should something which is purely a matter of law, W.S. 1–12–102, the dead man's statute, not be available at the summary judgment stage? The court makes this astonishing statement without citation of supporting authority. The statement is squarely contrary to W.R.C.P. 56, which provides in paragraph (c) as follows:

> The judgment * * * shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment *as a matter of law.* [emphasis added]

I would hold that the parties are entitled to have their case decided at the summary judgment stage on all of the law then existing.

The court then continues as follows:

> Offering no evidence to dispute Drake's claim or show that the moneys were anything other than loans, appellees Winkler and Pilot Butte allege only that Drake cannot corroborate his claim.

Maj. op. at 1180. First, appellee is not required to offer evidence that the monies were "other than loans." Appellee is only required to set forth the facts, which are that money was transferred with nothing to show the transfer was either a loan or a gift. Second, we know that Drake cannot defeat summary judgment by *claiming* that the monies transferred were loans. A claim made in pleading will not defeat summary judgment. Simply stated, a claim is not enough. Referring again to W.R.C.P. 56(e), we find that

> [s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as *would be admissible in evidence * * *.* [emphasis added]

Neither party can allege, nor did they allege, facts that would be admissible in evidence to corroborate Drake's claim. Nevertheless, the court proposes to reverse summary judgment and force the parties to trial. At trial what surely would happen is that Drake would begin to testify about an oral prenuptial agreement and an oral loan repayment agreement with deceased appellee Stagner. Appellees would object to the testimony as inadmissible under the dead man's statute. The dead man's statute, W.S. 1–12–102, provides:

> In an action or suit by or against a person who from any cause is incapable of testifying, or by or against a trustee, executor, administrator, heir or other representative of the person incapable of testifying, no judgment or decree founded on uncorroborated testimony shall be rendered in favor of a party whose interests are adverse to the person incapable of testifying or his trustee, executor, administrator, heir or other representative. In any such action or suit, if the adverse party testifies, all entries, memorandum and declarations by the party incapable of testifying made while he was capable, relevant to the matter in issue, may be received in evidence.

The objection should be sustained; but if the testimony were allowed, the case would still be over, for it would be uncorroborated testimony against a person incapable of testifying (in this case, Stagner who is deceased). It would be over at trial, but it should be over now at summary stage, for the parties do not even contend that there

is a dispute in the material facts or in the law.

The undisputed facts are that monies of appellant were transferred to appellee Stagner and appellee Pilot Butte, a corporation. There was $10,750 transferred to appellee Stagner and $12,273 transferred to Pilot Butte. There is no other writing than the transfers themselves of the money. The money transfers could be a gift, or they could be a loan. Drake and Stagner were living together and planning to be married at the time. Stagner died May 20, 1990. Appellant proposes to establish, by testimony, that there was an oral prenuptial agreement and an oral agreement that the monies transferred were loans to be repaid. The dead man's statute prohibits corroboration in this fashion. Summary judgment should be affirmed.

Pilot Butte, a corporation finds itself in a different posture. It is not a "person" incapable of testifying under the dead man's statute. At this stage of the proceeding, it is not entitled to the prohibition of the dead man's statute. Whether it may later appear that the dead man's statute comes into play because the corporate entity may be ignored or that the corporation is or is not a validly organized, existing and viable corporate entity, we cannot say. At this stage, we cannot say as a matter of fact or of law that summary judgment in favor of Pilot Butte should have been entered.

Therefore, I would affirm the summary judgment in favor of appellee Stagner and reverse the summary judgment in favor of Pilot Butte.