2006 WY 36

**Bart KNAPP, Appellant (Defendant),**

v.

**LANDEX CORPORATION, a Wyoming corporation, Appellee (Plaintiff).**

No. 05–154.

Supreme Court of Wyoming.

March 22, 2006.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Mr. Knapp appeals from an order granting summary judgment in favor of Landex Corporation (Landex). He contends that summary judgment was improper because genuine issues of material fact existed regarding the timeliness of his attempt to cure default on a real estate purchase agreement. We agree that genuine issues of material fact exist and, accordingly, we reverse and remand.

## ISSUE

[¶ 2] The dispositive issue on appeal is whether the district court erred in granting summary judgment in favor of Landex.

## FACTS

[¶ 3] On September 22, 2004, Landex filed a Complaint for Ejectment alleging that Mr. Knapp was in default on an Agreement for Sale of Real Property (Agreement). Pursuant to the terms of the Agreement, Mr. Knapp agreed to pay Landex Three Hundred Fifteen Dollars and Ninety Cents ($315.90) per month beginning August 1, 1995, and continuing thereafter until August 1, 2007, at which time the remaining balance of the purchase price would be due and payable in full. The complaint alleged that Mr. Knapp's last monthly installment was made on or about August 15, 2002. As a result of Mr. Knapp's missed payments, Landex sent a notice of default to him on April 17, 2003.[1]

[¶ 4] In its complaint, Landex asserted that the notice "advised [Mr. Knapp] that failure to pay all principal and interest payments then due on or before thirty (30) days following mailing of said written notice would result in a default of the Agreement and

---

Representing Appellant: Kenneth DeCock, Plains Law Offices, LLP, Gillette, Wyoming.

Representing Appellee: Tonia Hanson, Omohundro Law Offices, Buffalo, Wyoming.

1. The default provision of the Agreement provides:

17. *DEFAULT*

... In the event the BUYER shall fail or neglect ... to make any payment when said payment becomes due and payable, ... LANDEX shall have the right at any time thereafter, to notify the BUYER in writing of the nature and extent of such default, and if such

default is not corrected within thirty (30) days of the mailing of said notice, LANDEX shall have the right, at any time thereafter, without further notice, to terminate and cancel all rights of the BUYER under this agreement, ... and LANDEX shall have the further right to immediately re-enter and take possession of said real property and be released of all obligations to convey the same to the BUYER....

[Landex] would exercise all rights available to it under the Agreement." The complaint further alleged that Mr. Knapp "failed to cure said default within thirty (30) days of the mailing of said notice." In his responsive pleading, Mr. Knapp generally denied the allegations of the complaint, and, for his counterclaim, asserted that the notice extended the time to cure the default to May 21, 2003. Mr. Knapp also alleged that he mailed the curative payment to Landex on or about May 18, 2003. In its answer to the counterclaim, Landex denied that the notice extended the time to cure default and also denied that the payment was timely received. Landex then moved for summary judgment.

[¶ 5] In support of its motion for summary judgment, Landex filed an affidavit, a payment history, a postal receipt with a delivery date of April 19, 2003, a copy of the Agreement, and Mr. Knapp's responses to discovery requests. Mr. Knapp filed a response and brief in opposition to the motion and attached the notice, postal receipts, and a letter dated May 23, 2003, from Landex.[2] Mr. Knapp did not file an affidavit in support of his opposition to the motion.

[¶ 6] After a hearing on the motion, the district court granted summary judgment in favor of Landex. The district court found that the default provision of the Agreement was not effectively modified to extend the time to cure default because the alleged modification was unsupported by consideration. As a result, the district court concluded that Mr. Knapp failed to timely cure the default in accordance with the terms of the Agreement. This appeal followed.

## STANDARD OF REVIEW

[¶ 7] Our standard of review governing summary judgment is well known and often repeated:

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." W.R.C.P. 56(c). A genuine issue of material fact exists when a disputed fact, if proven, would establish or refute an essential element of a cause of action or a defense that a party has asserted. *Metz Beverage Co. v. Wyoming Beverages, Inc.*, 2002 WY 21, ¶ 9, 39 P.3d 1051, [1055] (Wyo.2002).

We evaluate the propriety of a summary judgment by employing the same standards and by examining the same material as the district court. *Id.* We examine *de novo* the record, in the light most favorable to the party opposing the motion, affording to that party the benefit of all favorable inferences that may be drawn from the record. *Roussalis v. Wyoming Medical Center, Inc.*, 4 P.3d 209, 229 (Wyo. 2000). If upon review of the record, doubt exists about the presence of issues of material fact, that doubt must be resolved against the party seeking summary judgment. *Id.* We accord no deference to the district court's decisions on issues of law. Metz, ¶ 9.

*Linton v. E.C. Cates Agency, Inc.*, 2005 WY 63, 6–7, 113 P.3d 26, 28 (Wyo.2005).

## DISCUSSION

[¶ 8] Mr. Knapp contends the district court improperly entered summary judgment. He claims that Landex extended the time to cure default to May 21, 2003. He relies upon the language of the notice which states in pertinent part that: "You have until May 21, 2003, . . . to correct the . . . default." [3] A copy of the notice was attached to

---

2. The May 23, 2003, letter returned Mr. Knapp's payment.

3. The letter states:

 Dear Bart
 This letter is pursuant to paragraph 17 of the agreement for sale of Property, Dated 6–3–1995, between you as buyer and Landex Corporation as seller regarding the following described real property; **SW1/4 SW1/4, Section** **14, T.50N., R73W., of the 6th P.M. Campbell County, Wyoming**
 Failure to make payments sense 8/15/02. The Payment made on 8/15/02 was in the rears for the April.2002 payment. Principle and interest as of 5/15/03 to bring this account current will be $3,895.63.
 You have until May 21,2003, Said date being 30 days from the date hereof to correct the above stated default. If you do not correct the

Mr. Knapp's brief, but was not supported by affidavit. The notice was not attached as an exhibit to Mr. Knapp's answer or counterclaim and no other foundation was provided for the notice. As a result, we cannot properly consider its contents. *See, e.g., Hunter v. Farmers Ins. Group*, 554 P.2d 1239, 1242 (Wyo.1976) ("Evidence which is relied on to sustain or defeat a summary judgment must be such as would be admissible in evidence."); *Stauffer Chem. Co. v. Curry*, 778 P.2d 1083, 1095 (Wyo.1989) (Evidentiary materials submitted to oppose summary judgment "lacked proper foundation and, for that reason, were not competent."). We must, however, consider the pleadings, answers to interrogatories, and admissions on file, together with the affidavit filed by Landex, in determining whether summary judgment was proper. W.R.C.P. 56(c).

 [¶ 9] In response to Mr. Knapp's assertions, Landex contends that it was entitled to summary judgment because Mr. Knapp failed to establish a genuine issue of material fact regarding whether Mr. Knapp cured the default. Landex contends that it was Mr. Knapp's burden to provide admissible evidence to avoid summary judgment. Because Mr. Knapp did not submit an affidavit and only attached copies of letters and postal receipts to his brief, Landex concludes that Mr. Knapp failed to meet his burden of demonstrating a genuine issue of material fact.

 [¶ 10] In making its claim, Landex incorrectly places the initial burden on Mr. Knapp. Landex, as the moving party, was required to establish the *absence* of a genuine issue of material fact. Although no affidavits or other forms of admissible evidence were provided by Mr. Knapp in opposition to the summary judgment motion, the burden did not shift to Mr. Knapp until Landex sufficiently refuted the allegations

made in Mr. Knapp's answer and counterclaim:

> "[T]he motion for summary judgment is a drastic remedy and one which is designed to pierce the formal allegations and reach the merits of the controversy—but only when no material issue of fact is present. Although both parties are obligated to come forward with their evidence, the burden is on the moving party to demonstrate that there is *no genuine issue of material fact*."
>
> . . .
>
> "Until the moving party has established with its supporting evidence that there are no genuine issues of material fact requiring a trial, the nonmoving party has no obligation to support his pleadings with any evidence."
>
> *"If the moving party does not refute the averment of the nonmoving party, the nonmoving party may rely on its averment and has no obligation to present any factual support."*

*Drake v. Winkler*, 838 P.2d 1177, 1180 (Wyo. 1992) (internal citations omitted) (emphasis added).

[¶ 11] Prior to summary judgment, Mr. Knapp raised the issue that Landex extended the time to cure default. In his counterclaim, Mr. Knapp asserted the following:

> VI. On April 17, 2003[,] Plaintiff sen[t] Defendant a letter advising Defendant he was again in default and that Defendant had until May 21, 2003[,] to correct the default. Defendant mailed Plaintiff the money to correct the default on or about May 18, 2003.

In response to Landex's interrogatories, Mr. Knapp referenced the April 17, 2003, notice and listed the letter as a trial exhibit. Additionally, Mr. Knapp denied a request for admission that he failed to cure the default

---

default within that time, then, at that time all your rights under the above mentioned Agreement for sale of real property shall be immediately terminated and cancelled without future notice to you, Landex Corporation shall be released from all obligation to convey the property to you, and you shall immediately vacate the property and give up possession of same to Landex Corporation

Sincerely,
Landex Corporation
/s/
Robert C. Hartley
President
(Emphasis in original.)

identified in the notice within thirty (30) days of April 17, 2003. These averments were sufficient to create a dispute regarding the time available to Mr. Knapp to cure the default. In order to prevail on summary judgment, Landex was required to demonstrate the absence of a genuine issue of material fact regarding the notice of default and the time provided to Mr. Knapp to cure the default. Landex failed to meet that burden.

[¶ 12] Landex simply ignored Mr. Knapp's allegations concerning the extension of time. In its affidavit filed in support of summary judgment, Landex skirted the issue by stating that:

9. After receiving no payment from or after August 15, 2002, I once again mailed a notice of default to Knapp on April 17, 2003 advising of Knapp's default which notice was received by Knapp on April 19, 2003. A copy of the U.S. Postal Service return receipt certificate is attached hereto as Exhibit "2."

10. I did not receive payment by May 19, 2003 and, as a result of Knapp failing to cure his default, I recorded the Quitclaim Deed pursuant to the terms of the Contract.

Although its claim for relief depended upon the contents of the notice,[4] and it repeatedly referred to the notice, Landex failed to provide a copy of the notice in support of its motion. This is a glaring omission in light of Mr. Knapp's assertions regarding the contents of the notice and the requirement of W.R.E. 1002 which provides: "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute."

[¶ 13] In granting summary judgment, the district court did not directly address whether a genuine issue of material fact existed regarding the time provided to Mr. Knapp to cure the default. Instead, the dis-

trict court held that the alleged May 21, 2003, extension of time to cure was void because it was not supported by consideration. The district court erred in reaching such conclusion.

[¶ 14] The district court apparently applied contract modification principles and determined that any extension of the deadline was ineffective because it was not supported by consideration. We recognize that modification of an agreement is void unless supported by consideration. *See, e.g., Schlesinger v. Woodcock*, 2001 WY 120, 14, 35 P.3d 1232, 1237 (Wyo.2001) (stating that without valid consideration, the agreement is invalid). However, strict performance of the terms of an agreement may be waived:[5]

"As has been stated, the doctrine is that if, upon the face of a contract, it clearly appears to have been the distinct understanding and agreement of the parties that if a stipulated act was not performed within a specified time certain consequences were to follow; and if default has been made in the performance within the time, a court of equity will give no relief *unless a strict performance was either waived by the party entitled to its benefits* or is excused on some special ground of equitable cognizance."

*McMurry Oil Co. v. Deucalion Research*, 842 P.2d 584, 589 (Wyo.1992) (emphasis added). We have noted that because forfeitures are not favored, "slight evidence of the ... intention to relinquish [a] right is sufficient to warrant the finding of waiver." *Angus Hunt Ranch, Inc. v. Reb, Inc.*, 577 P.2d 645, 650 (Wyo.1978). The issue presented regarding the time to cure was one of waiver, not contract modification. The proper question for determination is whether Landex waived its contractual right to hold Mr. Knapp in default on May 19, 2003, by the language it utilized in the April 17, 2003, notice.

[¶ 15] When all favorable inferences are accorded to Mr. Knapp, the record contains

---

4. Pursuant to the default provision of the Agreement, Landex was required to provide written notice to Mr. Knapp of the nature and extent of default.

5. "[T]he elements of waiver are (a) existing right; (b) knowledge of that right; and (c) intent to surrender or relinquish it." *Ramirez v. Metropolitan Life Ins. Co.*, 580 P.2d 1136, 1138 (Wyo. 1978).

sufficient evidence to create genuine issues of material fact regarding the time available to Mr. Knapp to cure the default and whether his payment was timely. Summary judgment was improper. We reverse and remand this matter to the trial court for further proceedings.