2009 WY 4

**Darold SHORES and Kathleen Shores, Appellants (Plaintiffs),**

**v.**

**Roy BUCKLIN and Anne Bucklin, Appellees (Defendants).**

**No. S–08–0033.**

Supreme Court of Wyoming.

Jan. 22, 2009.

Representing Appellants: J. Craig Abraham, Plains Law Offices, LLP, Gillette, Wyoming.

Representing Appellees: Stephen L. Simonton, Stephen L. Simonton, P.C., Cody, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

HILL, Justice.

[¶ 1] Appellants Darold and Kathleen Shores ("the Shores") appeal from the district court's order entering judgment in favor of appellees Roy and Anne Bucklin ("the Bucklins") quieting title to a parcel of land in Big Horn County, Wyoming. The court ruled that summary judgment was proper, in that the Shores did not have evidence to support a "color of title" theory. Also, there was not satisfaction of the 10–year period for adverse possession. Finally, pursuant to the Wyoming Rules of Civil Procedure, dismissal was proper as a sanction for failure to comply with the scheduling order. This appeal followed.

## ISSUES

[¶ 2] The Shores raise two issues on appeal:

1. Are the Bucklins entitled to a judgment in this case in that the Shores, in seeking to quiet title under a claim of adverse possession, did not elect and plead the theory under which they claim the adverse possession?

2. Is judgment to the [Bucklins] the proper remedy in this case for the failure to comply with the Scheduling Order?

The Bucklins frame the issues as follows:

1. The court should summarily affirm for failure to designate or cite to any record on appeal as well as numerous other instances of disregarding the requirements of the [Wyoming Rules of Appellate Procedure].

2. There was no reasonable basis for an appeal because WRE 103 explicitly bars [the Shores] from assigning error when [the Shores] failed to make a proper offer of proof of the substance of the excluded testimony and exhibits.

3. There was no reasonable ground for this appeal because the issues are moot

after the district court's subsequent rulings and findings, which the Shores neither opposed nor appealed and which are now law of the case and collateral estoppel.

4. Even apart from the foregoing, there was no reasonable grounds for this appeal

5. Attorney fees should be awarded under Rule 10.05.

## FACTS

[¶ 3] The Bucklins hold record title to the parcel in question. In January 2006, the Shores filed a complaint claiming the parcel by adverse possession. The Bucklins filed a motion to dismiss for failure to state a claim, to which the Shores responded by filing a more definitive statement alleging a claim of "color of title" based upon "conflicting surveys."

[¶ 4] The Bucklins then responded with a counterclaim seeking to quiet title, asserting, among other things, that the Shores were given permission to occupy the parcel in 1979. During discovery, the Shores conceded that, yes, the Bucklins held record title to the parcel.

[¶ 5] The district court entered a scheduling order, but the Shores failed to comply with the various deadlines contained therein. On October 1, 2007, the Bucklins filed a motion for judgment, and on October 5, 2007, the district court conducted a final pre-trial conference and dispositive motion hearing. At that hearing, the Shores presented their untimely pretrial memorandum.

[¶ 6] After the hearing, the court entered judgment in favor of the Bucklins, on two grounds. First, the court ruled that summary judgment was proper because the Shores had no evidence to support either their "color of title" theory or their "claim of right" theory. The court also ruled that the Shores had not satisfied the period for adverse possession, inasmuch as their evidence indicated they had openly asserted title only after 2005. Furthermore, the court ruled that the Shores " . . . simply have nothing to present at trial since they did not designate any witnesses or exhibits as required [by the scheduling order]." As a second ground for judgment, the court ruled that, pursuant to

W.R.C.P. 16(f), dismissal was proper as a sanction for failing to comply with the scheduling order. The non-compliance included no designation of witnesses or exhibits, no jury instructions, and an inadequate and untimely pretrial memorandum.

[¶ 7] In this appeal, the Shores contend that genuine issues of material fact preclude summary judgment, and that the district court abused its discretion in dismissing the case for failure to comply with the scheduling order. We will affirm.

## STANDARD OF REVIEW

 [¶ 8] The district court ruled that summary judgment was proper in this case. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." W.R.C.P. 56(c). A genuine issue of material fact exists when a disputed fact, if proven, would establish or refute an essential element of a cause of action or a defense that a party has asserted. *Metz Beverage Co. v. Wyoming Beverages, Inc.*, 2002 WY 21, ¶ 9, 39 P.3d 1051, [1055] (Wyo.2002).

We evaluate the propriety of a summary judgment by employing the same standards and by examining the same material as the district court. *Id.* We examine *de novo* the record, in the light most favorable to the party opposing the motion, affording to that party the benefit of all favorable inferences that may be drawn from the record. *Roussalis v. Wyoming Medical Center, Inc.*, 4 P.3d 209, 229 (Wyo. 2000). If upon review of the record, doubt exists about the presence of issues of material fact, that doubt must be resolved against the party seeking summary judgment. *Id.* We accord no deference to the district court's decisions on issues of law. *Metz,* ¶ 9.

[¶ 9] *Seherr–Thoss v. Seherr–Thoss,* 2006 WY 111, ¶ 9, 141 P.3d 705, 711–712 (Wyo. 2006) (citing *Knapp v. Landex Corp.,* 2006 WY 36, ¶ 7, 130 P.3d 924, 926 (Wyo.2006)).

## DISCUSSION

 [¶ 10] The Shores argue on appeal that there are genuine issues of material fact which a jury should be allowed to determine—namely, whether or not the Shores qualify for a claim of adverse possession of property held in title by the Bucklins. However, we are troubled in this case by what seems to be a genuine disregard for the Wyoming Rules of Appellate Procedure, and we will address that preliminary issue first.

 [¶ 11] Normally, we will certify no reasonable cause for appeal "only in those rare circumstances where an appeal lacks cogent argument, where there is an absence of pertinent authority to support the claims of error, and/or when there is a failure to adequately cite to the record." *Dorsett v. Moore,* 2003 WY 7, ¶ 13, 61 P.3d 1221, 1225 (Wyo.2003) (citing *Baker v. Reed,* 965 P.2d 1153, 1154–55 (Wyo.1998) (citing *Amen, Inc. v. Barnard,* 938 P.2d 855, 858 (Wyo.1997))); *Stone v. Stone,* 7 P.3d 887, 891 (Wyo.2000). This Court has also repeatedly held that it will presume the district court's orders and rulings were correct when the appellant fails to provide and cite a record. See *Arnold v. Day,* 2007 WY 86, ¶¶ 9–10, 158 P.3d 694, 697 (Wyo.2007); *Smith v. Smith,* 2003 WY 87, ¶ 15, 72 P.3d 1158, 1162 (Wyo.2003); *Willowbrook Ranch, Inc. v. Nugget Exploration, Inc.,* 896 P.2d 769, 771 (Wyo.1995).

[¶ 12] The Bucklins identify several deficiencies surrounding this appeal, including:

1. In violation of W.R.A.P. 2.07(b)(1), the notice of appeal lacked an appendix containing pleadings.

2. In violation of W.R.A.P. 3.05, the Shores failed to transmit the transcript or any other part of this record.[1]

---

1. W.R.A.P. 3.05(b) states:
 Appellant shall, contemporaneously with the filing of its brief in the appellate court and service of that brief upon appellee, serve on appellee, file with the clerk of the trial court a

designation for transmission to the appellate court of all parts of the record, without unnecessary duplication, to which appellant intends to direct the particular attention of the appellate court in its brief.

3. The Shores failed to file a copy of their Notice of Appeal with the Wyoming Supreme Court, as required by W.R.A.P. 2.01(a)(1), until the Wyoming Supreme Court sanctioned them for failure to do so.

4. In violation of W.R.A.P. 7.01(j), there is no appendix to the Shores' brief.

5. In violation of W.R.A.P. 7.01(e)(2) and 7.01(f)(1), the Shores' brief is devoid of record citations.

6. In violation of W.R.A.P. 7.05(b)(3), the Shores' brief is in a font of less than 10 characters per inch. See *Nathan v. Am. Global Univ.*, 2005 WY 64, ¶ 5, 113 P.3d 32, 33 (Wyo.2005).

[¶ 13] In light of these alleged problems, the Bucklins request this Court to summarily affirm. We agree with the Bucklins that the Shores did not comply with several of the Wyoming Rules of Appellate Procedure. As we stated in *Rodriguez v. State ex rel. Wyo. Workers' Safety & Compensation Division*, 2006 WY 146, ¶ 4, 146 P.3d 487, 488 (Wyo.2006) (citations omitted):

A party seeking judicial review of an administrative action must comply with the Wyoming Rules of Appellate Procedure.... When a party fails to do so, we may refuse to consider the offending party's contentions; assess costs; dismiss the appeal; or affirm the lower court's or agency's decision.

Not only do the Shores fail in several respects in complying with applicable rules, including a failure to provide any citation to the record, they also fail to provide relevant argument or legal authority to support their contentions. The cumulative deficiencies result in a failure to present cogent argument. We therefore summarily affirm the decision of the district court.

[¶ 14] Finally, the Bucklins urge this Court to grant sanctions in light of the Shores' appellate shortcomings. In general:

[W]e are reluctant to grant sanctions and will do so only in those rare circumstances where an appeal lacks cogent argument, where there is an absence of pertinent authority to support the claims of error, and/or when there is a failure to adequately cite to the record.

*Amen, Inc. v. Barnard*, 938 P.2d 855, 858 (Wyo.1997). In this case, the Shores' failure to comply with any one of these standards leads inevitably to the conclusion that there is no reasonable cause for the filing of this appeal. *Cotton v. Brow*, 903 P.2d 530, 532 (Wyo.1995). We therefore grant the Bucklins' request for costs and attorney's fees in defending this appeal. A statement of costs and attorney's fees shall be submitted to this Court; and, upon review, an appropriate award of costs and fees will be ordered by this Court.

## CONCLUSION

[¶ 15] Summary judgment in favor of the Bucklins is summarily affirmed. The Shores shall reimburse costs and attorney's fees generated in the defense of this appeal.